UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID GENE KNOCHE,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:16-cr-0079<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion to Reopen Case and Motion to Appointment Counsel. Because the court lacks subject-matter jurisdiction, it dismisses the Motion to Reopen Case and denies the Motion to Appointment Counsel.

## FACTUAL BACKGROUND

"On August 4, 2015, the United Kingdom's National Crime Agency, Child Exploitation and Online Protection Centre contacted the Homeland Security Investigations Cyber Crimes Center" about a user named "Sunbird" who "was producing and posting images of a male prepubescent child" ("Victim A") that were pornographic. Presentence Rpt., ¶ 8 (ECF No. 33). The investigation led to finding that Defendant David Gene Knoche was Sunbird. *Id.* ¶¶ 9, 29. Mr. Knoche and his family were living with friends at the time, and Mr. Knoche violated that trust by sexually abusing his friend's son ("Victim A") and photographing the abuse.[1] *Id.* ¶ 29. Mr.

---

[1] On multiple occasions, Mr. Knoche entered the bedroom of Victim A at night, while the boy

Knoche then shared with others, including a fifteen-year-old, the images Mr. Knoche had produced of Victim A in exchange for additional child pornography images.  *Id.* ¶¶ 10, 12, 14, 16.

On January 20, 2016, Mr. Knoche was arrested, advised of his Miranda rights, and elected to speak at that time.  *Id.* ¶ 28.  Mr. Knoche admitted that he was Sunbird and that he took the pictures of Victim A.  *Id.* ¶ 29.  He further admitted he had abused his own 3-year-old son in the same manner.  *Id.*  Mr. Knoche had child pornography images on his cell phone and videos of child pornography on his personal laptop.  *Id.* ¶ 37.

Mr. Knoche was indicted on February 17, 2016 on the following five charges:  Counts I and II – Production of Child Pornography; Count III – Distribution of Child Pornography; Count IV – Advertising Child Pornography; and Count V – Possession of Child Pornography.  Indictment, at 1 (ECF No. 1).  Mr. Knoche subsequently waived prosecution by Indictment and consented to proceeding "by information rather than indictment."  Waiver of Indictment, at 1 (ECF No. 28); Hearing Tr., at 4–5 (ECF No. 63).  The Information charged that, "[b]eginning on or about April 1, 2015, through on or about January 20, 2016," Mr. Knoche "did knowingly possess any material which contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that included a minor who had not yet attained 12 years of age."  Felony Information, at 1 (ECF No. 26).

Pursuant to a Statement in Advance of Plea, Mr. Knoche stipulated and agreed "that the following facts accurately describe[d]" his conduct:

---

was allegedly sleeping, and manipulated the boy's underwear to expose him so that Mr. Knoche could then take pictures of the boy in that state.  There is some evidence Victim A was feigning sleep and has suffered mental injury because of the events, but the court does not rely on that evidence in reaching its decision.

> Beginning on or about April 1, 2015, through on or about January 20, 2016, I knowingly possessed images of child pornography. Some of the images involved prepubescent minors under 12 years old. I agree that my conduct violated 18 U.S.C. 2252A(a)(5)(B) and (b)(2).

Statement in Advance of Plea, ¶ 11. Under a Rule 11(c)(1)(C) agreement, Mr. Knoche agreed that "the sentence imposed by the Court will be a range of 144 months to 204 months imprisonment." *Id.* ¶ 12(b) (cleaned up). Nevertheless, Mr. Knoche acknowledged knowing that he had "the right to withdraw the plea of guilty and the terms of this agreement [would] become null and void," if the Court, "after receiving all relevant information," rejected "the plea agreement." *Id.* ¶ 12(b)(2).

On August 4, 2016, the sentencing judge held a Change of Plea hearing, and accepted Mr. Knoche's plea pursuant to a Rule 11(c)(1)(C) agreement. Minute Entry (ECF No. 27); Hearing Tr., at 9 (ECF No. 63). On October 12, 2016, the sentencing judge received the Presentence Investigation Report (ECF No. 33), and thereafter informed the parties he was rejecting the Rule 11(c)(1)(C). At the sentencing hearing on March 29, 2017, the sentencing judge noted the parties had presented a Rule 11(c)(1)(C) plea agreement to the Court, but the Court did not accept the agreement. Sentencing Tr., at 3 (ECF No. 62). No corrections or objections were made to the Court's statement.

Later during the hearing, Mr. Knoche apologized to Victim A's family and to his own family for abusing Victim A and his own son. Sentencing Tr., at 35–39. Mr. Knoche acknowledged his guilt, but he denied engaging in abuse of other children or even more serious abuse of his son. *Id.* at 35, 38–39. Although there were allegations of additional abuse, the sentencing judge stated he was not "making any factual determination on those allegations," including those associated with two polygraph examinations, because they were "not pertinent to

3

the sentence that [he was] imposing." *Id.* at 40.

The Court then imposed a twenty-year sentence and lifetime supervision thereafter. *Id.* at 41; Amended Jdgmt., at 2–3 (ECF No. 53). In so doing, the sentencing judge noted that the guideline range recommended a life sentence, and had the charge been production of child pornography, it carried a thirty-year maximum term of imprisonment. Sentencing Tr., at 44 (ECF No. 62). Even with the twenty-year maximum, the sentencing judge observed that Mr. Knoche would still be in his forties when released from prison. *Id.*

Over four years after sentencing, Mr. Knoche filed the Motion to Reopen Case. He asserts his case should be reopened for three reasons: the sentencing judge had a mental disability at the time of sentencing; Mr. Knoche's ex-wife committed perjury; and subsequent statements by Gerald Larsen show Mr. Knoche's ex-wife and the Larsen family are persons of interest. Mot. to Reopen, at 6 (ECF No. 58).

On the first ground, Mr. Knoche asserts the sentencing judge had a mental disability because of brain cancer, which caused the sentencing judge to overlook facts and the law at sentencing. *Id.* at 6–7. Mr. Knoche asserts the sentencing judge erred in allowing three persons of interest to speak against him at the hearing, when those individuals had access to the same "account and device through passcodes and fingerprints." *Id.* at 7. Additionally, Mr. Knoche asserts the sentencing judge misunderstood the psychosexual evaluation and that, at most, only a crime of opportunity occurred. *Id.* at 8. Mr. Knoche further asserts, however, that it was not a crime of opportunity because he is actually innocent. *Id.* at 9. He also asserts the sentencing judge did not understand what age Mr. Knoche would be when released from prison, and that the sentencing judge imposed a sentence that was "twice the statutory maximum." *Id.* at 9–10.

On the second ground, Mr. Knoche asserts his ex-wife committed perjury by stating he had "involved [his] children in child pornography." Mot. to Reopen, at 10. He also asserts that she and her family were persons of interest. *Id.* Additionally, Mr. Knoche asserts, "I stand on my claim that I did not commit the crime, hence, I did not involve my children in child pornography." *Id.* at 11.

As to the third ground, Mr. Knoche asserts that on September 6, 2021, he learned "that Gerald Larsen contacted my parents with news that my children were being abused by members of [Mr. Larsen's] family," which includes Mr. Knoche's ex-wife. *Id.* at 13. He acknowledges, however, that the alleged abuse did not involve any reports of sexual abuse. *Id.* at 14.

Following sentencing, Mr. Knoche did not file an appeal. Nor did he file a motion under 28 U.S.C. § 2255. He now moves to reopen his case based on new evidence. Mr. Knoche asserts the case needs to be reopened to "allow pertinent facts to be introduced to this case." *Id.* at 15. He further asserts that he "yearn[s] for the chance to present my claim of innocence," and "[t]his, regardless of how the Case is opened or the eventual outcome, for the benefit of my children, for the benefit of those harmed, for a chance at justice." *Id.* at 15. He asks for counsel to be appointed to help navigate the issues in the case.

## ANALYSIS

### I. SUBJECT-MATTER JURISDICTION

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 666 (10th Cir. 2020) (quotations and citations). "*Only* Congress may determine a lower federal court's subject-matter jurisdiction." *Id.* (emphasis in original) (quotations and citations omitted). "Thus, the scope of a federal court's

subject matter jurisdiction is governed exclusively by acts of Congress." *Id.* (footnote omitted).

Pursuant to 18 U.S.C. § 3582(b) and (c), once a person has been sentenced, a trial court has limited authority to "modify a term of imprisonment." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825 (2010) (noting limited circumstance when a district court may modify a sentence); *United States v. Cain*, 191 F. App'x 830, 833 (10th Cir. 2006) (stating "[a] district court has extremely limited authority to modify a sentence once it is imposed").

Mr. Knoche does not seek just to modify a term of imprisonment. He seeks to reopen the case, have his plea vacated, and to pursue an actual innocence claim by implicating his ex-wife and her family as persons of interest as to why Mr. Knoche had child pornography on his telephone and computer. Section 3582(b) and (c) factors pertain to modifying a term of imprisonment under limited circumstances. They do not grant the court authority to reopen Mr. Knoche's case on the grounds he stated. Accordingly, the court lacks subject-matter jurisdiction to address his claim under Section 3582.

## II.   SECTION 2255 – NEW EVIDENCE EXCEPTION

Liberally construing Mr. Knoche's motion, the court also evaluates whether his motion may be granted under 28 U.S.C. § 2255. Section 2255 allows a prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* § 2255(a). A prisoner typically has one year to file a § 2255 Motion after final judgment. *Id.* § 2255(f). An exception exists, however, when a prisoner asserts new evidence supports why a sentence should be vacated, set aside, or corrected. Under that circumstance, a prisoner has one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).

Mr. Knoche alleges the following dates for discovery of new information: February 2021, May 2021, and September 2021. Mot. to Reopen, at 6, 10, 13 (ECF No. 58). Mr. Knoche filed his motion on October 22, 2021, which is within one year of the date he discovered the new evidence. Consequently, the court next must determine whether Mr. Knoche's new evidence supports a claim to vacate, set aside, or correct his sentence.

### A.     Alleged Mental Disability of the Sentencing Judge

Mr. Knoche asserts the sentencing judge had a mental disability because he passed away from a brain tumor. While Mr. Knoche correctly states the cause of the sentencing judge's death, he has not provided credible evidence the judge had a mental disability, much less a mental disability more than three years prior to his death.

Federal Criminal Procedure Rule 32(i)(4)(B) states, "the court must address any victim of the crime who is present at sentencing and *must* permit the victim to be reasonably heard." Fed. R. Crim. P. 32(i)(4)(B) (emphasis added). The sentencing judge did not exhibit a mental disability by allowing people to speak at sentencing based on the facts of the case. Instead, he followed the Rules of Criminal Procedure. Although Mr. Knoche now contends those who spoke are persons of interest, at the sentencing hearing he acknowledged he had committed the crimes, and he apologized to his ex-wife and others. Thus, the sentencing judge did not err, much less show signs of a mental disability, in allowing the individuals to speak.

The sentencing judge also did not exhibit a mental disability by sentencing Mr. Knoche to twenty-years imprisonment. Mr. Knoche was not sentenced to twice the statutory maximum, as he asserts. He pled guilty under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) for possession of child pornography of a prepubescent minor under 12 years of age. Section 2252A(b)(2) states the

maximum sentence for a violation of (a)(5) is 10 years, "but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years." Accordingly, Mr. Knoche was sentenced within the statutory range.

Moreover, the sentencing judge did not exhibit a mental disability by observing that Mr. Knoche would be in his forties when released. The sentencing judge was well-versed in the credit that federal prisoners receive for good behavior, and how it reduces the length of the total sentence. Consistent with that knowledge, Mr. Knoche presently is scheduled to be released on February 3, 2033, at the age of 48. Thus, the sentencing judge correctly stated that Mr. Knoche would be in his forties when released.

While Mr. Knoche may disagree with the sentencing judge, he has not come forward with new evidence to show mental disability. This is true for the grounds discussed above and the other grounds asserted in Mr. Knoche's Motion to Reopen Case.

B.      **Alleged Perjury by Ex-Wife Four Years After Sentencing**

As for the second ground, Mr. Knoche asserts his ex-wife committed perjury when, at the time she sought to have the names of their children changed in 2021, she stated in her petition that Mr. Knoche had "involved the children in child pornography." Mot. to Reopen, at 10 (ECF No. 58). Mr. Knoche asserts he never abused his children, and that his ex-wife committed perjury because she wants to gain full custody of his children and isolate them. *Id.* at 11. He further asserts his ex-wife has a "predisposition" that shows she is a person of interest. *Id.* at 12.

At sentencing, Mr. Knoche was ordered not to have contact with his children, and it was anticipated his children would be adults before he was released from prison. Sentencing Tr., at

46–47 (ECF No. 62). Thus, Mr. Knoche has not offered a credible motive. Moreover, on more than one occasion, Mr. Knoche admitted to involving his son in child pornography. As for his daughters, the sentencing judge did not take into account any allegations that Mr. Knoche abused his daughters, so there is no link between the 2017 sentence and the 2021 petition, filed by Mr. Knoche's ex-wife, that justifies reopening the case based on new evidence.

Likewise, Mr. Knoche has failed to show how statements made in 2021 justify reopening a case where Mr. Knoche (1) had child pornography on his telephone and computer, (2) admitted his guilt to law enforcement, and (3) elected to proceed with sentencing even after the Rule 11(c)(1)(C) agreement had been rejected. For him to now assert he was innocent of having child pornography in his possession is not well-taken, particularly when he also admitted to producing the images of Victim A. Finally, although Mr. Knoche denies abusing his daughters, there is not a complete absence of evidence to support his ex-wife's assertion. While this court makes no findings on the matter of other abuse, taking all the above into consideration, this court concludes the 2021 petition does not constitute new evidence to support his claim.

### C. New Allegations of Abuse

Mr. Knoche's third argument for reopening the case implicates his ex-wife and her family as the actual perpetrators based on statements allegedly made by Gerald Larsen in or about September 2021. Mr. Larsen allegedly informed Mr. Knoche's parents that Mr. Knoche's children are suffering from present neglect or abuse, although none of the allegations involve sexual abuse. If the children are being abused, the conduct needs to be reported to the police and to the Utah Division of Child and Family Services so the children may receive help. Present conduct, however, does not alter events that occurred in 2015 and 2016 to which Mr. Knoche pled guilty. As such, it

does not constitute new evidence to support Mr. Knoche's claim.

Because Mr. Knoche has failed to come forward with new evidence to support his claim, the statute of limitations under Section 2255 was not extended and it ran one year from the date of final judgment. Accordingly, the court lacks subject matter jurisdiction to consider a 2255 claim, and Mr. Knoche's Motion to Reopen Case must be dismissed. Because the motion must be dismissed, the court denies Mr. Knoche's Motion to Appoint Counsel.

## CONCLUSION

Because the court lacks subject-matter jurisdiction, it dismisses without prejudice the Motion to Reopen Case (ECF No. 58) and denies the Motion to Appoint Counsel (ECF No. 58). Based on the court's ruling, it terminates as moot the Motion for Status Update (ECF No. 60).

DATED this 1st day of December, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge