UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID GENE KNOCHE,<br><br>    Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:16-cr-0079<br><br>Judge Clark Waddoups |

## INTRODUCTION

  This matter is before the court on Defendant David Gene Knoche's second motion to reopen his case and appoint counsel. Mr. Knoche contends that when he read the court's memorandum decision denying his first motion, he learned three things for the first time, which constitutes new evidence. He further contends he had ineffective assistance of counsel and was deprived of his rights to effective counsel and a jury trial. For the reasons stated below, and in the United States' opposition memorandum, the court concludes it is without jurisdiction and dismisses Mr. Knoche's motion to reopen his case. The court further denies as moot Mr. Knoche's motion to appoint counsel.

## FACTUAL BACKGROUND

Mr. Knoche was sentenced to a twenty-year term of imprisonment in March 2017. Judgment, 1–2 (ECF No. 49).[1] On October 22, 2021, more than four years after sentencing, Mr. Knoche filed a Motion to Reopen his case on the ground that he had learned new information and had new evidence that required his case to be reopened. Mot. to Reopen (ECF No. 58). After reviewing the record, including relevant hearing transcripts, the court found that it lacked "subject matter jurisdiction to address" Mr. Knoche's claim under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *United States v. Knoche*, No. 2:16-cr-0079, 2023 U.S. Dist. LEXIS 214550, at *8, 13–14 (D. Utah Dec. 1, 2023). Therefore, the court dismissed the motion, without prejudice, on December 1, 2023. *Id.* at *14.

Almost a year after the court's ruling, on Monday, November 25, 2024, Mr. Knoche mailed a second Motion to Reopen his case (ECF Nos. 68, 68-1), which was docketed on Monday, December 2, 2024. In his second motion, Mr. Knoche contends that the court's December 1, 2023, memorandum decision contained information he did not know previously, which information, coupled with ineffective assistance of counsel, necessitates that his case be re-opened. According to Mr. Knoche, the critical new information he learned was:

    I.    Judge Benson decided not to accept the plea agreement.
    II.    This Court is not fully aware of several pertinent facts of this case.
    III.    The plea agreement was not for simple possession.

Second Mot. to Reopen, at 8 (ECF No. 68). Mr. Knoche also asserts, "[a]fter sentencing on a

---

[1] All pincites to the record refer to the ECF page number at the top of the page and not to page numbers elsewhere on the page.

2

recorded call I specifically stated 'I want to pull the plea deal,'" but his counsel "induced [him] to keep the plea" based on the threat of death in prison. *Id.* at 9, 11 (stating several reasons for entering a plea, but asserting counsel specifically induced him based on "coersion [*sic*] and duress of death in prison").

Concerning Mr. Knoche's first stated item, in the court's December 2023 memorandum decision dismissing Mr. Knoche's first motion to reopen, the court set forth the factual and procedural background of the case, including that "[a]t the sentencing hearing on March 29, 2017, the sentencing judge noted the parties had presented a Rule 11(c)(1)(C) plea agreement to the Court, but the Court did not accept the agreement." *Knoche*, 2023 U.S. Dist. LEXIS 214550, *4 (citing Sentencing Tr., at 3 (ECF No. 62)). Mr. Knoche contends he "did not receive any written notification that the plea agreement was no longer in effect. Nor did [he] receive any verbal notice that the plea agreement was not accepted." Second Mot. to Reopen, at 11 (ECF No. 68). And until Mr. Knoche read the December 2023 memorandum decision, he contends he did not know the plea agreement had been rejected. *Id.* at 7–8.

The record contains no entry showing Mr. Knoche received written notice that the sentencing court rejected the plea agreement. It does show he received verbal notice. Shortly after the sentencing hearing commenced, the sentencing judge stated the following:

> I will remind counsel that earlier when this matter was before me on a change of plea it was presented as a Rule 11(c)(1)(C) plea, meaning that the sentence would be set between a certain range and the Court was asked to agree to that. I did not agree to it. I recognized that the maximum statutory penalty for the crime to which the defendant entered a plea of guilty, and that crime was possession of child pornography, has a statutory maximum sentence of 20 years. So the Court is limited to a 20-year sentence.

Sentencing Tr., at 3:21–4:5 (ECF No. 62). Then, towards the end of sentencing, the sentencing

3

judge stated:

> The statutory maximum is 20 years. I am not sentencing you pursuant to the plea agreement entered into between the parties which would be 12 to 17 years. I am not going beyond the [sentencing] guidelines. The guidelines, if we didn't have a statutory maximum, would have recommended imprisonment for life.

*Id.* at 44:5–10. The sentencing judge further informed Mr. Knoche, "[y]ou have 14 days to appeal this sentence to the extent that you feel that it is illegal. That appeal would be taken to the Tenth Circuit Court of Appeals." *Id.* at 45:22–24. Mr. Knoche did not appeal his sentence.

As to the second item, Mr. Knoche contends this court has misunderstood the facts of the case because the court did not understand that Mr. Knoche was under duress when he confessed to committing the crimes, and that he gave "subtle hints" at various points signifying his innocence and that his wife was the real culprit. Second Mot. to Reopen, at 12–13 (ECF No. 68). Thus, despite his confessions to law enforcement, his admissions when he entered his change of plea, and his further statements of guilt during his sentencing, Mr. Knoche asserts his case should be reopened because he has "claimed innocence from the start" and he "had every reason to believe it understood the duress and [coercion he] was under since the beginning." *Id.* at 14.

The third item pertains to Mr. Knoche's contention that the crime for which he was sentenced was different from "simple possession" of child pornography, and that he was unaware of the "hidden clause" of 18 U.S.A. § 2252A(b)(2) that allowed for his sentence to be longer. *See id.* at 15–16. As a result, Mr. Knoche contends he did not knowingly change his plea. *Id.* at 17.

On February 17, 2016, a five-count Indictment was filed against Mr. Knoche. Two counts were for production of child pornography. Indictment, at 1–2 (ECF No. 1). The other counts were for distribution of child pornography, advertising child pornography, and possession of child

pornography. *Id.* at 3–4. Count V for possession of child pornography expressly stated it was brought under "18 U.S.C. § 2252A(a)(b)(B) and *(b)(2)*." *Id.* at 4 (emphasis added).

On July 28, 2016, a one-count Felony Information was filed. The count was for possession of child pornography, and it expressly stated the child pornography included an image of "a minor who had not yet attained 12 years of age." Felony Information, at 1 (ECF No. 26). On August 4, 2016, Mr. Knoche signed a Waiver of Indictment and consented to proceed on a Felony Information. Waiver, at 1 (ECF No. 28). In so doing, Mr. Knoche acknowledged he was "being accused of violating 18 U.S.C. § 2252A(a)(5)(B) and *(b)(2)* (Possession of Child Pornography) and" that he had "been advised of the nature of the charge and of [his] rights." *Id.* (emphasis added).

Mr. Knoche also signed his Statement in Advance of Plea, wherein he expressly admitted the following:

> Beginning on or about April 1, 2015, through on or about January 20, 2016, I knowingly possessed images of child pornography. Some of the images involved prepubescent minors under 12 years old. I agree that my conduct violated 18 U.S.C. 2252A(a)(5)(B) and *(b)(2)*.

Statement in Advance, ¶ 11 (ECF No. 29) (emphasis added).[2] At his change of plea hearing, Mr.

---

[2] According to the transcript for the Change of Plea hearing, Mr. Knoche had his Statement in Advance of Plea on the table in front of him at the hearing, and Mr. Knoche acknowledged that he had reviewed the document with his attorney. Plea Hearing Tr., at 5:25–6:6 (ECF No. 63). The sentencing judge then stated, "[i]f you're prepared to sign it and you want to, do that now, please, Mr. Knoche, and then I will have your attorney bring it up here to the bench for me to see." *Id.* at 6:9–12. Mr. Knoche said, "[o]kay." *Id.* at 6:13. The court then read Paragraph 11 of the document, and Mr. Knoche admitted the facts were true. *Id.* at 6:14–21; *see also id.* at 9:9–13 (pleading guilty). Despite this exchange, for reasons not explained on the record, the Statement in Advance of Plea on the docket (ECF No. 29) indicates the document was not signed by Mr. Knoche until August 18, 2016. That fact does not impact the court's analysis.

Knoche acknowledged knowing his charge "carrie[d] a maximum penalty of 20 years in prison." Plea Hearing Tr., at 5:19–24 (ECF No. 63). Consequently, before entering his change of plea, the record shows Mr. Knoche was provided notice about the statutory clause at issue and the potential sentence allowed by that statute.

The court asked the United States to file a response to Mr. Knoche's second motion, especially concerning the first item Mr. Knoche listed. *See* Order, at 1 (ECF No. 69). On January 10, 2025, the United States filed a memorandum opposing Mr. Knoche's second Motion to Reopen. Mem. in Opp'n (ECF No. 71).

## ANALYSIS

### I.   SUBJECT MATTER JURISDICTION

Mr. Knoche contends he must be afforded the opportunity to withdraw his guilty plea and proceed to trial because he never received written or verbal notice that the sentencing judge rejected the plea agreement, and he did not become aware of it until December 8, 2023. Rule 11 of the Federal Rules of Criminal Procedure requires that when a Rule 11(c)(1)(C) agreement is rejected, the court must:

> (A) inform the parties that the court rejects the plea agreement;
>
> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
>
> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5). The above must be done "on the record and in open court (or, for good cause, in camera)." *Id.*

The sentencing judge twice stated in open court and on the record at the sentencing hearing that he was not sentencing Mr. Knoche pursuant to the plea agreement. Sentencing Tr., at 3:21–4:5, 44:5–10 (ECF No. 62). The record does not show, however, when the sentencing judge afforded Mr. Knoche the opportunity to withdraw his plea. That said, Rule 11(e) specifies: "[a]fter the court imposes sentence, the defendant may *not* withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e) (emphasis added). This means even if Mr. Knoche contacted his attorney *after* sentencing, and stated he wanted to withdraw his plea, Rule 11(e) barred the withdrawal.

Additionally, the Tenth Circuit Court of Appeals has concluded "that the prohibition set out in Rule 11(e) . . . is jurisdictional." *United States v. Spaulding*, 802 F.3d 1110, 1119, 1126–27 (10th Cir. 2015) (citations omitted). The rule "acts as a clear and mandatory restriction on the court's authority," that when combined with 18 U.S.C. § 3582(c), restricts a court from "act[ing] outside the prescribed time limits." *Id.* at 1122 (quotations and citation omitted). Thus, even though the sentencing judge did not follow the requirements of Rule 11(c)(5), Mr. Knoche's recourse was to file an appeal within fourteen days or file a motion under 28 U.S.C. § 2255 within one year after judgment was entered against him. Mr. Knoche did neither and is now time barred from challenging his sentence. The court has no jurisdiction to alter this outcome.

## II.     EVIDENCE AND PLEA AGREEMENT

Although the above is dispositive, the court addresses a few additional points. Mr. Knoche appears to have a misunderstanding about what it means for a court to reject a plea agreement. It does not mean the plea of guilty was rejected. The sentencing judge only rejected the sentencing range of twelve to seventeen years to which the parties had agreed. Otherwise, Mr. Knoche's

7

guilty plea remained because Mr. Knoche did not withdraw his plea prior to sentencing. Thus, when Mr. Knoche asserts the sentencing judge "could have sentenced me to a higher charge," when the sentencing judge rejected the plea agreement, Second Mot. to Reopen, at 15 (ECF No. 68), that is incorrect. The court was limited to sentencing Mr. Knoche on the charge to which Mr. Knoche had pled guilty. Specifically, Mr. Knoche pled guilty to possession of child pornography, which contained an image of "a minor who had not yet attained 12 years of age." Felony Information, at 1 (ECF No. 26); *see also* Plea Agreement, ¶ 11 (ECF No. 29); Plea Hearing Tr., 6:14–21, 9:9–13 (ECF No. 63). The court sentenced Mr. Knoche for that crime only and for the length allowed by statute for that crime.

Second, Mr. Knoche contends the court has misunderstood the facts and his innocence when the Presentence Report and his psychosexual evaluation purportedly were favorable to him. Over eight years have elapsed since Mr. Knoche was sentenced. It is clear the narrative Mr. Knoche is providing now is quite different from the narrative he provided from the time of his arrest through the date of his sentencing.

During the thirteen-month period between his arrest and sentencing, Mr. Knoche consistently reported he had committed the crime at issue (*i.e.* possession of child pornography).[3] He reported this to law enforcement and during a psychological examination. At sentencing, his counsel argued against allegations of abuse of a victim C, but acknowledged law enforcement found "images of victim A and B where they expected to find them and where Mr. Knoche told them they would find them." Sentencing Tr., at 7:8–20 (ECF No. 62). Also at sentencing, Mr. Knoche's counsel acknowledged that forensic evidence corroborated that which Mr. Knoche had

---

[3] Indeed, Mr. Knoche reported he did not merely possess child pornography—he produced it.

8

admitted during his first interview by law enforcement. *Id.* at 8:13–15.

Even though Mr. Knoche admitted to possession and certain other crimes, based on testing, a psychologist reported Mr. Knoche was evasive and defensive in reporting his sexual behavior. Psych Eval., at 6, 17, 19, 24 (ECF No. 73-2). The psychologist concluded Mr. Knoche would require a proper safety plan to be in the community. *Id.* at 5. The psychologist further noted that risk levels are not stable, and risk changes when a person fails to follow recommended sexual abuse treatment plans. *See id.* Unfortunately, Mr. Knoche's present disavowal of all wrongdoing and state of mind likely make him a greater risk than he was at the time of sentencing when he admitted his need for treatment and had a desire to change. Sentencing Tr., at 35:6, 39:17–4:1 (ECF No. 62).

Concerning Mr. Knoche's Presentence Report, it is not favorable to him in terms of his innocence. The report contains detailed information about the investigation, evidence, and admissions and fully supports why the sentencing judge imposed a twenty-year term of imprisonment. Presentence Rpt., ¶¶ 8–34 (ECF No. 33).[4] Revisiting those details now on a motion to reopen is improper. While Mr. Knoche may want to tell a different narrative now, the law is clear. Mr. Knoche has been sentenced and his time to challenge his sentence has passed. Accordingly, the court will not entertain another motion by Mr. Knoche on the matter.

---

[4] The sentencing judge did not take into account Paragraphs 35 and 36 of the Presentence Report when imposing the sentence, *see* Sentencing Tr., at 4:13–24, 40:16–19 (ECF No. 62), so this court also has not considered them.

9

## **CONCLUSION**

For the reasons stated above, and in the court's December 2023 memorandum decision, the court lacks jurisdiction over this matter and hereby dismisses Mr. Knoche's second motion to reopen (ECF No. 68). The court denies as moot Mr. Knoche's motion to appoint counsel (ECF No. 68).

DATED this 1st day of May, 2025.

BY THE COURT:

_____
Clark Waddoups
United States District Judge
